**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meryl W. Humphrey, ) | No. 07-2476-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Yuma Visitors Bureau; City of Yuma; Paul ) Rogers; Does 1-10, ) | |
| Defendants. ) | |

Plaintiff has filed a complaint for employment discrimination under the Arizona Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination Act. Dkt. #1, Ex. A. Defendant Yuma Visitors Bureau has filed a motion for summary judgment asserting that Defendant has too few employees to qualify as an "employer" within the meaning of the applicable statutes. Dkt. #17.

"If a party opposing [a motion for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may deny the motion." Fed. R. Civ. P. 56(f)(1). Plaintiff's counsel has submitted an affidavit identifying specific discovery needed to respond to Defendant's motion. Dkt. #27.

Defendant contends that the Court's expedited briefing schedule for this motion precludes Plaintiff's requested discovery. *See* Dkt. #15, ¶11. When the Court set this schedule, however, it was not apprised of the discovery issues now raised by Plaintiff's

affidavit. Defendant also contends that is has provided all of the information Plaintiff might seek in discovery, but Plaintiff is entitled to conduct discovery on her own and need not rely solely on Defendant's assertions.

The Court concludes that Plaintiff should, in fairness, be accorded a limited time for discovery on the size of Defendant's work force. Pursuant to Rule 56(f)(1), the Court will therefore deny Defendant's motion for summary judgment without prejudice and afford Plaintiff two months to complete discovery on this issue. This order will not otherwise amend the Court's Case Management Order. Dkt. #15.

**IT IS ORDERED:**

1. Plaintiff's request for discovery (Dkt. #27) is **granted**. Plaintiff has until May 9, 2008 to conduct discovery.
2. Defendant's motion for summary judgment (Dkt. #17) is **denied without prejudice**. Defendant may re-file its motion for summary judgment after May 9, 2008.
3. Plaintiff's counsel filed her response late and made other filing errors. Counsel should familiarize herself with the Court's electronic filing system and is reminded to comply with the Court's local rules, including the rules governing font size.

DATED this 11th day of March, 2008.

_____
David G. Campbell
United States District Judge